LIBBY, McNEIL & LIBBY, Plaintiff, *v.* BUSH TERMINAL BUILDING COMPANY, Defendant.

Supreme Court, Kings Special Term, July, 1923.

**Landlord and tenant — lease of additional space — failure of tenant to exercise option in original lease — when court of equity will not reform lease.**

An action to reform a written agreement rests upon the theory that the parties came to an understanding, but in reducing it to writing through mutual mistake, or through mistake on one side and fraud on the other, omitted some provision agreed upon, or inserted one not agreed upon.

In the year 1911 defendant leased to plaintiff certain floor space in one of its buildings, with an option in the lessee during the term of the lease of leasing additional space in the same building or in other buildings subsequently completed at thirty cents per square foot. The lease expired on December 1, 1921. Additional space was leased from year to year by plaintiff at thirty cents per square foot in the same building up to October 1, 1917. In June, 1917, a written lease was entered into between the parties for the additional space from October 1, 1917, to December 1, 1921, at the rate of forty cents per square foot. For over four years plaintiff paid the forty cent rate, but within two months of the termination of the lease made a claim that the additional ten cents per square foot had been paid by mistake and demanded the return thereof, which was denied. Plaintiff now seeks reformation of the lease and return of the payments made by mistake. There was no proof of fraud. *Held,* that the mistake which the plaintiff seeks to reform was its own mistake in failing to take advantage of the option in the original lease; that the option did not become binding until there was an acceptance, and that plaintiff cannot have a court of equity do that which it should have done prior to the execution of the lease for additional space, and the complaint will be dismissed upon the merits and judgment granted to defendant upon its counterclaim.

SUIT to reform a lease.

*Macdonald, Ackley & Casey,* for plaintiff.

*Cullen & Dykman,* for defendant.

LEWIS, J. This is an action for the reformation of a lease made between the parties on June 22, 1917, so as to fix the yearly rate

at thirty cents a square foot instead of forty cents, as provided for by the lease.

On October 14, 1911, defendant leased to the plaintiff 19,632 square feet in the defendant's building No. 19. The lease provided in paragraph 15: " It is also agreed by and between the parties hereto that the lessee has the option of leasing and occupying for the unexpired term of this lease any additional space that the lessee may need when such space is available in Building No. 19 or any buildings completed subsequent to Building No. 19, at the rental price named herein, viz.: 30c per square foot for all floors except the top floor and ground floors, the rental of which is 35c per square foot."

The plaintiff and defendant entered into a lease dated November 28, 1913, covering 21,806 square feet of floor space in building No. 19, for the term of one year from November 15, 1913, to November 15, 1914, at the rate of thirty cents per square foot. Thereafter written leases covering the premises described in the lease dated November 28, 1913, were made on September 22, 1914, for one year, from October 1, 1914, to October 1, 1915; on October 13, 1915, for one year from October 1, 1915, to October 1, 1916, and on August 4, 1916, for one year from October 1, 1916, to October 1, 1917, at the same yearly rate.

On June 22, 1917, the parties entered into a written lease, covering the same space, 21,806 square feet, mentioned in the previous yearly leases, for the term of four years and two months (from October 1, 1917, to December 1, 1921) at the rate of forty cents per square foot.

The leases of October 14, 1911, and of June 22, 1917, terminated on December 1, 1921, and plaintiff remained in possession of the premises until such time.

About the 1st of October, 1921, and after having paid rent at the forty-cent rate for over four years and within two months before the expiration of the lease of June 22, 1917, and the original lease of October 14, 1911, plaintiff made claim on the defendant that the additional ten cents per square foot had been paid in error and by mistake and demanded its return. Failure to make the repayment resulted in the present action. Suit was originally brought for a money judgment, but, by stipulation, the complaint was amended seeking reformation of the lease and recovery of the payments made as claimed by mistake.

In *Curtis* v. *Albee*, 167 N. Y. 360, 364, the court said: " An action to reform a written agreement rests upon the theory that the parties came to an understanding, but in reducing it to writing through mutual mistake, or through mistake on one side and fraud

on the other, omitted some provision agreed upon, or inserted one not agreed upon."

The lease in question was executed pursuant to a letter in which the plaintiff requested " a renewal at forty cents per square foot per year to expire at the same time as our lease on the west section, fifth floor, Building 19." There was no proof of fraud. If there was mistake it was solely on the part of the plaintiff. While the plaintiff had an option continuing throughout the ten-year period, it did not become binding until there was an acceptance. The mistake which the plaintiff seeks to reform is its mistake in failing to take advantage of the option. The plaintiff, after discovering its mistake, would have a court of equity do that which it should have donè prior to the execution of the lease in question. This the court is without power to do.

Pursuant to the stipulation, therefore, judgment is rendered for the defendant dismissing plaintiff's complaint upon the merits and granting judgment for the defendant upon the counterclaim for the sum of $1,705.38, with interest from November 1, 1921.

Proposed findings passed upon.

Judgment accordingly.